UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00108-GNS
CRIMINAL ACTION NO. 1:15-CR-00010-GNS

**ASHLEY DAWN KENDALL**                                                         **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                                       **RESPONDENT/PLAINTIFF**

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

INTRODUCTION

Before the Court is the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by *pro* se Movant/Defendant Ashley Dawn Kendall (DN 127, 130). The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 128). The Respondent/Plaintiff United States of America argues the Court should dismiss Kendall's 2255 motion as untimely (DN 132). Kendall has not replied to the United States' argument. This matter is ripe for recommendation by this Court. For the reasons set forth below, the undersigned concludes that Kendall's 2255 motion should be dismissed as untimely. Further, the undersigned recommends that the Court not issue a Certificate of Appealability as to Kendall's 2255 motion.

BACKGROUND

On April 15, 2015, a Grand Jury in the Western District of Kentucky returned a five-count indictment (DN 1). Count 1 charged that between March 2014 and February 25, 2015, Kendall and her four co-defendants conspired to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (Id.). Count 2 charged that on or about September 17, 2014, Kendall and her four co-defendants intentionally possessed with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841 (Id.). Count 3 charged that between March 2014 and February 26, 2015, Kendall and her four co-defendants conspired to conduct financial transactions designed to conceal the nature, the location, the source, the ownership, and control of the proceeds from their unlawful activity in violation of 18 U.S.C. § 1956 (Id.). Count 5 charged that on or about September 17, 2014, Kendall possessed two firearms while being an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Id.).

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), Kendall and the United States entered into a plea agreement on January 29, 2016 (DN 69). Under the terms of the plea agreement, Kendall agreed to plead guilty to Counts 1, 2, 3, and 5 in the indictment in exchange for the United States recommending a sentence of imprisonment at the low end of the applicable Guideline Range, but not less than any mandatory minimum required by law; recommending a reduction of 3 levels below the otherwise applicable Guideline for acceptance of responsibility; recommending a term of not less than five years supervised release; and agreeing to a fine at the low end of the guidelines as determined by the Court to apply in this case (Id. ¶¶ 1-3, 10). The plea agreement included a waiver provision whereby Kendall gave up her right to contest or collaterally attack her conviction

and the resulting sentence under 28 U.S.C. § 2255 unless her claim is based on ineffective assistance of counsel or prosecutorial misconduct (Id. ¶ 12). Notably, above Kendall's signature is a statement indicating she read and carefully reviewed every part of the plea agreement with her attorney, and fully understood and voluntarily agreed to the terms of the plea agreement (Id. PageID # 300). Above defense counsel's signature is a statement indicating that he carefully reviewed every part of the plea agreement with Kendall, and to defense counsel's knowledge Kendall made an informed and voluntary decision to enter into the plea agreement (Id.).

The District Judge conducted the change of plea hearing on February 1, 2016 (DN 74). Based on Kendall's answers while under oath, the District Judge found Kendall fully competent and capable of entering an informed plea; she wished to waive her Constitutional rights; her plea was made with advice of counsel; she was advised of the maximum and minimum sentence that could be imposed; and a factual basis for the plea had been established (Id.).

On May 10, 2016, the District Judge conducted Kendall's sentencing hearing (DN 103, 105). The District Judge sentenced Kendall to a total of 48 months imprisonment to be followed by five years of supervised release (DN 103, 105, 108). Kendall did not appeal her conviction or sentence.

On June 4, 2018, the Clerk of the Court filed a letter from Kendall (DN 127). Kendall's letter expressed the desire to challenge her conviction for possession of two firearms while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Id.). Kendall explained that her challenge was based on the recent Supreme Court ruling in Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204 (2018) (DN 127).

In an order filed on July 11, 2018, the Court indicated that it would construe Kendall's letter as an attempt to file a 2255 motion if she confirmed her intent to do so by completing a Court-approved 2255 motion form and returning it to the Court within 30 days (DN 128). Kendall filed a completed Court-approved 2255 motion form on August 13, 2018 (DN 130). Pursuant to the Court's direction (DN 128), the Clerk of the Court re-docketed Kendall's June 4, 2018 letter as a motion to vacate under 28 U.S.C. § 2255 (DN 127) and docketed the completed form as an amended motion to vacate under 28 U.S.C. § 2255 (DN 130).

The United States argues that Kendall's 2255 motion should be dismissed because it is untimely (DN 132). Additionally, the United States asserts that the January 17, 2017 ruling in Dimaya, which applies to the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b), does not provide Kendall with any relief under 28 U.S.C. § 2255(f)(3) because she is serving time for violating 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Id.).

## CONCLUSIONS OF LAW

There is a one-year statute of limitations that applies to motions to vacate filed by persons in custody pursuant to a federal court judgment. 28 U.S.C. § 2255(f). Specifically, the statute of limitations reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f). Generally, a conviction becomes final upon conclusion of direct review. *See* Sanchez–Castellano v. United States, 358 F.3d 424, 426 (6th Cir.2004) (citing United States v. Cottage, 307 F.3d 494, 498 (6th Cir.2002)). However, when a federal criminal defendant does not pursue a direct appeal, the judgment becomes final upon the expiration of the period in which the defendant could have filed the notice of appeal. Johnson v. United States, 457 F.App'x 462, 464-65 (6th Cir. 2012).

Here, entry of judgment occurred on May 12, 2016 (DN 105). Kendall did not file a notice of appeal. Thus, the judgment became final 14 days later, on May 26, 2016. *See* Fed. R. App. P. 4(b)(1)(A)(i). Kendall's one-year period of limitation under § 2255(f)(1) began to run on May 27, 2016 and expired on May 27, 2017. But Kendall filed her 2255 motion on June 4, 2018, a year and eight days after her period of limitation under § 2255(f)(1) expired. Thus, Kendall's 2255 motion is *time barred* unless she filed it within one year of when the Supreme Court recognized the right she is asserting and made that right retroactively applicable to cases on collateral appeal. *See* 28 U.S.C. § 2255(f)(3).

Specifically, Dimaya held that the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b) was unconstitutionally vague. 138 S.Ct. at 1215-16. Kendall is serving time for violating 18 U.S.C. §§ 922(g)(3) and 924(a)(2), neither of which are affected by the ruling in Dimaya. Because Dimaya does not apply to Kendall's case, her 2255 motion should be dismissed as untimely under 28 U.S.C. § 2255(f)(1).

Although not discussed by the parties, there is a second reason for dismissing Kendall's 2255 motion. The plea agreement included a waiver provision whereby Kendall gave up her right to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 unless her challenge was based on a claim of ineffective assistance of counsel or prosecutorial misconduct (DN 69 ¶ 12). Neither of those claims has been brought in Kendall's 2255 motion (DN 130). Nor does Kendall contend that she unknowingly or involuntarily entered into the plea agreement or the waiver provision within the plea agreement (Id.). *See* Davila v. United States, 258 F.3d 448, 450-51 (6th Cir. 2001) (the waiver provision will be enforced if it was entered knowingly and voluntarily). The Sixth Circuit has made clear that waiver provisions in plea agreements remain enforceable *despite changes in the law*. *See e.g.* Cox v. United States, 695 F. App'x 851, 852- (6th Cir. 2017) (waiver provision enforced as to a 2255 motion asserting a claim based on Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015)); United States v. Morrison, 852 F.3d 488, 490-92 (6th Cir. 2017) (waiver provision enforced as to an appeal raising a claim based on Mathis v. United States, __ U.S. __, 136 S.Ct. 2243 (2016)). In sum, Kendall's 2255 motion should be dismissed as untimely and, alternatively, because it is barred by the waiver provision in her plea agreement.

The final issue is whether a Certificate of Appealability should issue as to the Kendall's 2255 motion. Because the undersigned is recommending that the Court reject this 2255 motion on a procedural basis, Kendall must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The undersigned concludes that no reasonable jurist would find it debatable that Kendall's 2255 motion is time barred because of the amount of time that passed since her period

of limitation expired and the patent inapplicability of 28 U.S.C. 2255(f)(3) to her claim. Therefore, the undersigned recommends that a Certificate of Appealability not be granted as to Kendall's 2255 motion to vacate.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendant's motion to vacate (DN 127, 130) be **DISMISSED** as time barred. Further, the undersigned recommends that a Certificate of Appealability be **DENIED** as to the motion to vacate.

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies: Ashley Dawn Kendall, *pro se*
    Counsel of Record