UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00108-GNS
CRIMINAL ACTION NO. 1:15-CR-00010-GNS-HBB-2

ASHLEY DAWN KENDALL                                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objection (DN 134) to the United States Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 133) recommending that Defendant's Motions to Vacate, Set Aside, or Correct her sentence pursuant to 28 U.S.C. § 2255 (DN 127, 130) be denied. For the reasons provided below, Defendant's Objection is **OVERRULED**.

### I.     BACKGROUND

On April 15, 2015, a Grand Jury in the Western District of Kentucky returned a five-count Indictment (DN 1), four of which pertained to Defendant Ashley Dawn Kendall ("Kendall"). Count 1 charged that between March 2014 and February 2015, Kendall and four co-defendants conspired to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. (Indictment 1, DN 1). Count 2 charged that on or about September 17, 2014, Kendall and her four co-defendants intentionally possessed with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841. (Indictment 2). Count 3 charged that between March 2014 and February 2015, Kendall and her four co-defendants

conspired to conduct financial transactions designed to conceal the nature, location, source, ownership and control of the proceeds from their unlawful activity in violation of 18 U.S.C. § 1956. (Indictment 2). Count 5 charged that on or about September 17, 2014, Kendall possessed two firearms while being an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (Indictment 4).

Kendall and the United States entered into the Plea Agreement on January 29, 2016, pursuant to Fed. R. Crim. P. 11(c)(1)(B). (Plea Agreement, DN 69). As part of the Plea Agreement, Kendall agreed to plead guilty to the Counts described above in exchange for the United States recommending a sentence of imprisonment at the low end of the applicable guideline range in the United States Sentencing Commission Guidelines Manual ("Guidelines"), but not less than any mandatory minimum required by law. (Plea Agreement ¶¶ 1-3, 10). The United States further agreed to recommend a term of not less than five years of supervised release and agreed to seek a fine at the low end permitted by the Guidelines. (Plea Agreement ¶ 10). Notably, the Plea Agreement included a waiver provision whereby Kendall gave up her right to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255, or otherwise, except claims based on ineffective assistance of counsel or prosecutorial misconduct. (Plea Agreement ¶ 12).

A change of plea hearing was conduct on February 1, 2016, and Kendall was found fully competent and capable of entering an informed plea. (Order, DN 74). On May 10, 2016, Kendall was sentenced to a total of 48 months imprisonment to be followed by five years of supervised release. (J. & Commitment Order, DN 105).

On June 4, 2018, Kendall sent the Court a letter expressing her desire to challenge her conviction based on the Supreme Court's recent ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204

(2018). (Def.'s Mot. Vacate, DN 127). On July 11, 2018, the Court indicated that it would construe Kendall's letter as an attempt to file a motion under 28 U.S.C. § 2255 if she confirmed her intent to do so by completing a Court-approved form and returning it within thirty days. (Order, DN 128). Kendall completed and filed the form on August 13, 2018. (Def.'s Am. Mot. Vacate, DN 130).

Upon reviewing Kendall's Section 2255 motion, the Magistrate Judge concluded that she was not entitled to relief for two reasons. First, Kendall's motion was untimely in light of the applicable one-year statute of limitations found in 28 U.S.C. § 2255(f). (R&R 4). The Magistrate Judge concluded that the one-year statute of limitations in Section 2255(f)(3)—which runs from "the date on which the right asserted was initially recognized by the Supreme Court"—applied to bar Kendall's claim because this action was not filed within one year after her conviction became final. (R&R 4-5 (quoting 28 U.S.C. § 2255(f)(3)). Further, neither statute for which Kendall was convicted of violating—18 U.S.C. §§ 922(g)(3) and 924(a)(2)—was affected by the Supreme Court's finding in *Dimaya* that 18 U.S.C. § 16(b) was unconstitutionally vague. (R&R 5). The Magistrate Judge also denied Kendall's motion because she waived her right to appeal the sentence in her Plea Agreement. (R&R 6).

Kendall filed her Objection to the Magistrate Judge's R&R on November 19, 2018. (Def.'s Obj., DN 134). In it, Kendall contests the Magistrate Judge's finding that her motion was untimely. (Def.'s Obj. 2). Additionally, Kendall questions the finding that she waived her right to appeal her sentence by pointing to the Supreme Court's decision in *United States v. Class*, 138 S. Ct. 798 (2018), as standing for the proposition that "a guilty plea, by itself, does not bar a federal criminal defendant from challenging the constitutionality of his statute of conviction on direct appeal, or a collateral action such as a [motion made under] § 2255." (Def.'s Obj. 2).

## II.     STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed, and the Court may accept, reject, modify, in whole or in part, the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). While specific objections are entitled to *de novo* review, "poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *Bardwell v. Colvin*, No. 5:15-CV-00196-GNS-LLK, 2017 WL 5885378, at *1 (W.D. Ky. Jan. 31, 2017) (internal quotation marks omitted) (citation omitted). As the Sixth Circuit has noted, "a general objection to a [magistrate judge's] report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted).

## III.     DISCUSSION

Kendall objects to the R&R for two reasons: She disagrees with the Magistrate Judge's finding that her claim was untimely and argues that the Supreme Court's decision in *Class* entitles her to challenge the constitutionality of her statute of conviction. (Def.'s Obj. 2). Kendall does not make any specific objections to the Magistrate Judge's findings regarding timeliness other than reiterating the argument that *Dimaya* applies to her case although *Dimaya* concerned 18 U.S.C. § 16(b), not the statutes for which she was convicted of violating. (Def.'s Obj. 2). Because the Court is to afford general objections no effect, the Court overrules Kendall's Objection to the Magistrate Judge's finding that her Section 2255 motion was untimely.

Kendall's second objection—that the Supreme Court's decision in *Class* entitles her to appeal her sentence—is also without merit. In *Class*, the Supreme Court held that a guilty plea by

itself does not bar a defendant from appealing their conviction. *Class*, 138 S. Ct. at 801-02. In that case, the defendant pleaded guilty to possessing a firearm on U.S. Capitol grounds in violation of 40 U.S.C. § 5104(e). *Id.* at 802. As part of his guilty plea, the defendant expressly agreed to waive certain specified rights but, notably, the plea "agreement said nothing about the right to raise on direct appeal that the statute of conviction was unconstitutional." *Id.* Because he did not relinquish that right when signing his plea agreement, the fact that he pleaded guilty did not itself foreclose his right to challenge upon appeal the constitutionality of the statute under which he was convicted. *Id.* at 803.

By contrast here, Kendall specifically waived her right to appeal and collaterally attack her conviction when she signed the Plea Agreement. The Plea Agreement reads:

> Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. 3742, and (b) to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

(Plea Agreement ¶ 12). Unlike the defendant in *Class*, then, Kendall expressly waived the right to collaterally attack her sentence. (Plea Agreement ¶ 12). Even assuming *Dimaya*'s holding applies to Kendall's case (it does not), the Sixth Circuit has made clear that waiver provisions in plea agreements remain enforceable despite changes in the law. *See Cox v. United States*, 695 F. App'x 851, 852 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490-92 (6th Cir. 2017). The Supreme Court's holding in *Class* does not apply here because Kendall waived her right to collaterally attack the conviction. Therefore, Defendant's Objection to the Magistrate Judge's finding that she waived her right to appeal her sentence is overruled.

5

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Objection (DN 134) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 133) is **ADOPTED**, and Defendant's Motions to Vacate, Set Aside, or Correct (DN 127, 130) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 24, 2019

cc: counsel of record
Ashley Dawn Kendall, *pro se*